Nora. — A judgment of a Court of Record m this State, wilt bind a moiety of the lands from the tim of its rendition, if the Plaintiff sue out an elegit. Jones & others v. Edmonds, 3 Murph. 43. But if the Plaintiff resort to a fieri facias, the lands are boun only as chattels, viz. from the teste of execution. Ibid.—State v. Magniss, 1 Hay. 99. Arnold v. Bell, Ibid 397 Ingles v. Donalson, 2 Hay. 57. Williams’s adm'rs. v. Bradley, Ibid. 363. Stamps v Irvine, 2 Hawks, 232. Gilhey v. Dickerson, 3 Hawks, 293. If several writs of fi. fa. issue from the same term, upon judgments obtained at different terms, and come to the hands of the Sheriff at the same time, the Plaintiffs in the executions have no preference, one to another, but must be paid pro rata, Jones & others v. Edmonds, 3 Murph 43. An execution bearing the first teste, will be satisfied before one ot a younger teste, first delivered and levied upon property, but not sold before that of the first teste comes to the Sheriff’s hands. Green v. Johnston, 2 Hawks, 309. But if the Sheriff returns that the money was levied under an md. minty, given by the Plaintiff in a junior execution, and that he would not ¡nave acted without such indent ity, he in effect makes an appropriation of the money to that execatiop, although he sets forth ali the ex- *111 acutions in his return, and prays the advice of the Court how he shall dispose of the money. Varborough v. State Bank, 2 Dev Rep. 23. An alias fi. fa. regularly issued, has relation to the teste of the first fi. fa. and creates a lien from that time. Gilkey v. Dickerson, 2 Hawks, 341. And if such alias ji. fa. come to the hands of the Sheriff before he has sold property It vied on under a younger execution it shall have, the preference. Brasfield v. Whitaker, 4 Hawks, 309. When an execution is levied upon property, & the Plain.iff m such execution, to favor the Defendant, forbears to sell, & holds on under the lien thereby created, the property ra iy be sold under executions of younger date. Carter v. Sheriff of Halifax, 1 Hawks, 483. When a fi. fa. is returned, “ levied upon certain property, but not sold for want of bidders,” if the Plaintiff takes out another ji. fa. instead of a vend expo, he thereby discharges the levy. Scott’s ex’r. v. Hill, 2 Murph. 143. Where a Sheriff had levied an execution on certain lands, and a vend. expo, together with a special fi. fa. issued afterwards on the same judgment, and was levied by the Sheriff on goods, which seven days prior to that time, he had seized by virtue of a fi. fa. issuing on a younger judgment, the Court directed the proceeds of the sale to be paid in ¿satisfaction of the younger fi. fa. which had first come to hand, and had been first levied. Allemong & Locke v. Allison Kelly, 1 Hawks, 325. A Jás-tice’s execution binds chattels from Us teste. Benedict v. Arnold, 3 Hawks, 275.—(Binds only from its levy, by the act of 1828, ch. 12) But such execution binds lands from its teste, and an order of sale subsequently made, has relation to the levy ; and among competing creditors respect must be had to the first levy. Lash & others, v. Gibson, 1 Murph. 266. Ellar v. Ray, 2 Hawks. 568. An attachment upon land creates a lien, but if the Plaintiff upon obtaining judgment, does not have the land condemned, and issue a vend. expo, but sues out a genera! ji. fa. he loses the benefit of his lien. Amyett’s lessee v. Backhouse. 3. Murph. 63.